**ATTENTION SHAREHOLDERS OF VANDA PHARMACEUTICALS INC.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE VANDA PHARMACEUTICALS INC. DERIVATIVE LITIGATION | Case No. 1:19-cv-04293-FB-LB<br><br>Hon. Frederic Block |

**NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION, FINAL SETTLEMENT HEARING, AND RELATED MATTERS**

**TO:   ALL HOLDERS OF VANDA PHARMACEUTICALS INC. COMMON STOCK**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE LITIGATION AND CONTAINS INFORMATION REGARDING YOUR RIGHTS.  YOUR RIGHTS WILL BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION.**

## PURPOSE OF THIS NOTICE

1. This Notice is given pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and by an Order of the United States District Court for the Eastern District of New York following the execution of a Stipulation of Settlement signed by the parties on July 19, 2021 (the "Stipulation"). The purpose of this Notice is to advise you that a shareholder derivative lawsuit is now pending in this Court and that the parties thereto have reached a proposed settlement (the "Settlement") that would resolve that action.

2. In a derivative action, one or more people and/or entities who are current shareholders of a corporation sue on behalf of and for the benefit of the corporation, seeking to enforce the corporation's legal rights.

3. As described more fully below, current shareholders of Vanda Pharmaceuticals Inc. who were shareholders as of July 19, 2021, have the right to object to the proposed Settlement and to the application by Plaintiffs' Counsel for an award of attorneys' fees and expenses. They have the right to appear and to be heard at the Settlement Hearing, which will be held on  9/15/21 , at  11:00  .m., before the Honorable Frederic Block, at the United States District Court for the Eastern District of New York, in Courtroom 10C S, 225 Cadman Plaza E, Brooklyn, NY 11201.

4. At the Settlement Hearing, the Court will determine:

(a) whether the Settlement should be approved;

(b) whether the lawsuit should be dismissed with prejudice and the Defendants and other Released Parties should be released from the Settled Claims, as more fully described below; and

(c) whether Plaintiffs' Counsel's request for an award of attorneys' fees and reimbursement of litigation expense should be approved.

2

5. This Notice is not an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in the lawsuit, or as to the fairness, reasonableness, or adequacy of the proposed Settlement.

**WHAT THIS CASE IS ABOUT AND WHAT HAS HAPPENED SO FAR**

6. This lawsuit concerns alleged breaches of fiduciary duty by certain current and former officers and directors of Vanda relating to (1) the purported off-label promotion of Vanda Pharmaceutical Inc.'s ("Vanda") two commercially-available drugs: Fanapt®, which is FDA-approved to treat schizophrenia in adults, and Hetlioz®, which is FDA-approved to treat Non-24-Hour Sleep-Wake Disorder ("Non-24"), a circadian rhythm disorder, as well as (2) the FDA's imposition of a partial clinical hold on clinical trials for tradipitant, a drug in Vanda's development pipeline.

7. On July 25, 2019, plaintiff Samuel Williams filed a shareholder derivative complaint in the United States District Court for the Eastern District of New York on behalf of Vanda against certain current and former directors and executives of Vanda for alleged breaches of fiduciary duties they allegedly owed to Vanda in connection with the alleged off-label promotion (Case No. 1:19-cv-04293-FB-LB) (the "Williams Action").

8. On September 9, 2019, plaintiff Michael Bavaro filed a shareholder derivative complaint in the United States District Court for District of Delaware on behalf of Vanda asserting claims against certain current and former directors and executives of Vanda similar to the claims asserted by plaintiff Williams, as well as claims relating to the clinical trials of tradipitant, a drug in Vanda's development pipeline (Case No. 1:19-cv-01701-CFC) (the "Bavaro Action").

9. On March 27, 2020, the parties stipulated to transfer of the Bavaro Action to the United States District Court for the Eastern District of New York, where the parties would

3

seek consolidation with the Williams Action. The Bavaro Action was transferred to the United States District Court for the Eastern District of New York the same day.

10. On April 1, 2020, the Bavaro Action was consolidated with the Williams Action under the caption *In re Vanda Pharmaceuticals Inc.*, Case No. 1:19-cv-04293-FB-LB (the "Action").

11. On April 24, 2020, plaintiffs Williams and Bavaro filed a consolidated amended complaint (the "Consolidated Complaint") which asserted claims derivatively on behalf of Vanda for (i) breach of fiduciary duty; (ii) gross mismanagement; (iii) unjust enrichment; (iv) violations of section 10(b) of the Exchange Act and Rule 10b-5; and (v) violations of section 14(a) of the Exchange Act and Rule 14a-9, in connection with the alleged off-label promotion of Fanapt® and Hetlioz®, and the clinical trials of tradipitant.

12. On July 19, 2021, after mediation before Jed D. Melnick, JAMS, the parties agreed to a Stipulation of Settlement to settle the claims raised in the Action, subject to Court approval of the Settlement.

## THE TERMS OF THE SETTLEMENT

13. In the settlement, Vanda agreed to implement the corporate governance enhancements set forth in Exhibit A hereto. The corporate governance enhancements adopted as part of this Settlement will be implemented as soon as reasonably practicable following a final court order approving the Settlement and shall remain in effect for at least five (5) years following a final order approving the Settlement, provided, however, that any proposed enhancement can be altered or removed if either (a) the General Counsel, in good faith and upon the advice of counsel, determines that such guideline conflicts with or is substantially redundant with any law, regulation or rule (including rules of the stock exchange or quotation system on which the Company's stock is listed or traded), or conflicts with or is substantially redundant

with any amendment to the Company's articles of incorporation approved by the Company's shareholders; or (b) a majority of the Board of Directors believe and find that due to changed circumstances, it is in the best interests of the Company that the governance enhancement should be modified or changed.

14. The Settlement also provides that the lawsuit will be dismissed with prejudice, and that all Settled Claims (as defined below) against the Released Parties (as defined below) will be released and forever discharged.

15. "Settled Claims" means any and all claims, demands, liabilities, losses, obligations, duties, damages, diminutions in value, costs, debts, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert or consulting fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, which now exist, or heretofore or previously existed, or may hereafter exist, including known claims and Unknown Claims (as defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule, which have been or could have been asserted against any of the Released Parties from the beginning of time to the Effective Date of the Settlement in the Action by or on behalf of (i) Plaintiffs, (ii) Vanda, or (iii) any shareholder of Vanda acting or on behalf of himself, herself, or itself, or purporting to act derivatively on behalf of Vanda, that arise out of, relate to, or are based on the acts, allegations, events, facts, matters, transactions, occurrences, statements, representations, acts, disclosures, omissions, or failures to act that were or could have been asserted in the Action; provided, however, that, the foregoing notwithstanding, the "Settled

Claims" do not include (1) any claims relating to the enforcement of this Settlement, (2) the claims currently being asserted in the class action entitled *Gordon* v. *Vanda Pharmaceuticals, Inc.*, Case No. 1:19-cv-01108-FB-LB (E.D.N.Y.) (the "Class Action"), (3) the claims currently being asserted in the *qui tam* action entitled *United States ex rel. Gardner* v. *Vanda Pharmaceuticals Inc.*, Case No. 17-cv-00464-APM (D.D.C.) (the "Qui Tam Action"), or (4) any claims by Vanda, or any other insured against any or all of their insurers, including claims for insurance coverage, or any claims by any Defendant for indemnification pursuant to applicable law or other agreement.

16. The "Released Parties" is defined to mean (i) each of the Individual Defendants and each of their respective current and former agents, counsel, insurers, heirs, executors, and assigns, and (ii) Vanda, and its current and former directors, officers, employees, agents, advisors, counsel, underwriters, representatives, and insurers, and their respective counsel and advisors.

17. "Unknown Claims" means any claims of Plaintiffs or the Company or any Company stockholder that he, she or it does not know or suspect exist in his, her or its favor at the time of the release, including without limitation those which, if known, might have affected the decision to enter into or object to the Settlement.

18. The "Releasing Parties" in the Settlement are (i) Plaintiff, individually, on behalf of other shareholders of Vanda, and derivatively on behalf of Vanda, and (ii) each and every shareholder or former shareholder of Vanda to the extent they purport to bring any claim or cause of action derivatively on behalf of Vanda.

19. As part of the settlement, the Releasing Parties expressly waive, relinquish and release any and all provisions, rights and benefits conferred by or under California Civil

Code § 1542 or any law or principle of common law of the United States or any state or territory of the United States or any foreign nation which is similar, comparable or equivalent to California Civil Code § 1542, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

20.     In the event that the Settlement does not become final or does not become effective for any reason other than the failure of any party to perform its obligations thereunder, and except to the extent specified in the Stipulation of Settlement, this Stipulation shall become null and void and of no force and effect, and all negotiations and proceedings hereto shall be without prejudice to the rights of all parties hereto, who shall be restored to their respective positions existing prior to the execution of the Stipulation.

21.     Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement or the negotiation thereof, including this Notice, is or may be deemed to be an admission or, or evidence of, any fault, liability, or omission of any of the Individual Defendants or the Released Parties in any proceeding of any kind or nature.

## SETTLEMENT BAR ORDER

22.     If the Court grants the Order and Final Judgment proposed in the Stipulation approving the proposed settlement and dismissing the lawsuit, that order will contain a "Bar Order."  In summary, the "Bar Order" will bar all future claims by anyone seeking to act on behalf of, or for the benefit of, Vanda against the Released Parties asserting any of the Settled Claims.

## PLAINTIFFS' POSITION CONCERNING THE SETTLEMENT

23. While Plaintiffs believe that their claims have merit and that the evidence supports them, they recognize and acknowledge the expense and time required to prosecute the Action through trial and appeals. Plaintiffs also take into account the uncertain outcome and concomitant risks associated with litigating the Action, as well as the difficulties and delays inherent in derivative litigation generally. Plaintiffs' Counsel has carefully considered and evaluated, among other things, the interests of Vanda in resolving the Action with as little disruption to the corporation's affairs as is consistent with securing relief, the relevant legal authorities, the evidence concerning the claims asserted against the Individual Defendants, the likelihood of prevailing on those claims, the likely ability to recover on any judgment, and the likely appeals and subsequent proceedings necessary if Plaintiffs were to prevail against the Individual Defendants, and the benefits to Vanda of the proposed corporate governance change. Plaintiffs' Counsel has concluded that the proposed Settlement is fair, reasonable, adequate, and in the overall best interests of Vanda and its shareholders.

## DEFENDANTS' POSITION CONCERNING SETTLEMENT

24. The Individual Defendants have denied and continue to deny that they have any liability as a result of any or all of the allegations asserted in this Action or that they engaged in any wrongdoing whatsoever. Vanda and the Individual Defendants are entering into the Settlement to eliminate the burden, distraction, expenses, and uncertainty of further litigation. The Settlement is not and shall not be deemed to be a concession or admission by Vanda or by any of the Individual Defendants or other Released Parties of any liability, fault, negligence, omission, or wrongdoing of any kind or of any infirmity of any of Vanda's or the Individual Defendants' defenses. The Settlement shall not be offered or received against Vanda or any of the Individual Defendants or other Released Parties as evidence of a presumption, concession, or

admission of any liability, fault, negligence, omission, or wrongdoing of any kind or of any infirmity of any of Vanda's or the Individual Defendants' defenses.  The Stipulation shall not be offered or received against Vanda or the Individual Defendants or other Released Parties in any civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or to obtain insurance or reinsurance proceeds in connection with the Settlement, provided, however, that if the Stipulation is approved by the Court, any Released Party may use it to effectuate the liability protection granted them under the Settlement.

## ATTORNEYS' FEES AND EXPENSES

25. If the Court approves the terms of the Settlement, Plaintiffs' Counsel intends to apply to the Court for an award of attorneys' fees and expenses in this Action in an amount not to exceed $500,000 (the "Fee and Expense Amount").  Vanda and the Individual Defendants have agreed not to oppose such an application that is not in excess of that amounts. Vanda has agreed that, if the Court approves the Fee and Expense Amount, Vanda shall pay or cause to be paid the attorneys' fees and expenses awarded by the Court not in excess of the Fee and Expense Amount to Plaintiffs' Counsel no later than fifteen (15) business days following the later of: (a) entry of the order by the Court making such award; and (b) receipt by of complete payment information, including a W-9 and completed EFT authorization form, subject to repayment with interest by Plaintiffs' Counsel should the award of attorneys' fees and expenses be reduced, vacated, or reversed on appeal.

## NOTICE OF FINAL HEARING ON THE PROPOSED SETTLEMENT

26. A final hearing will be held   9/15/21 , at  11 a.m. before the Honorable Frederic Block in Courtroom 10C S at the United States District Court for the Eastern District of New York, 225 Cadman Plaza E, Brooklyn, NY 11201 (the "Fairness Hearing").   The purpose

of the Fairness Hearing will be to: (i) determine whether to approve the settlement of the Action on the terms set forth in the Stipulation, including dismissal of the Action with prejudice and approval of the releases and bar order; (ii) determine the amount of fees and expenses to be awarded to Plaintiffs' Counsel; and (iii) rule upon any other matters related to this lawsuit that come before the Court.

27. The Court may adjourn the Fairness Hearing from time to time without any further notice to Vanda shareholders.

28. If, following the Fairness Hearing, the Court approves the Settlement as fair, reasonable, and adequate and in the best interests of Vanda, the parties will request that the Court enter a Final Order and Judgment: (i) approving the terms and conditions of the Settlement as fair, reasonable, and in the best interests of Vanda and its shareholders; (ii) authorizing and directing the effectuation of the Settlement in accordance with its terms and conditions; (iii) dismissing the lawsuit with prejudice; (iv) releasing the Released Parties from the Settled Claims; (v) permanently barring and enjoining any of the Releasing Parties from commencing or prosecuting any actions or other proceedings asserting any of the Settled Claims against any of the Released Parties.

29. The Court may finally approve the Settlement without modification or with such modification as may be agreeable to the parties to the Settlement, without further notice to Vanda's shareholders.

### THE RIGHT TO APPEAR AND OBJECT

30. Any current Vanda shareholder who was a Vanda shareholder as of July 19, 2021 who objects to the Settlement, the judgment to be entered thereon, or the award of attorneys' fees and expenses to Plaintiffs' Counsel, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing and present any evidence or

argument that may be proper and relevant, provided, however, that any shareholder who wishes to object or be heard must follow the following procedures: The shareholder must, prior to __8/16/21__, file with the Court a written objection, stating all supporting bases and reasons for the objection, including the identification of all witnesses, documents or other evidence that are to be presented at the Fairness Hearing in connection with the objection and a summary of the substance of the testimony to be given by any such witnesses, and submit documentary evidence of the shareholder's continuous ownership of Vanda common stock since July 19, 2021. This submission should be addressed as follows:

Clerk of the Court
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

and copies of such papers shall be sent at the same time by fax, by hand, or by overnight mail to the following:

> Joseph E. Levi
> Gregory Mark Nespole
> Daniel Tepper
> Levi & Korsinsky, LLP
> 55 Broadway, 10th Floor
> New York, NY 10006
> Fax: (212) 363-7171
>
> W. Scott Holleman
> Lawrence P. Eagel
> Garam Choe
> Bragar Eagel & Squire, P.C.
> 810 Seventh Avenue, Suite 620
> New York, NY 10019
> Fax: (212) 486-0462
>
> Daniel J. Kramer
> Audra J. Soloway
> Paul, Weiss, Rifkind, Wharton & Garrison LLP
> 1285 Avenue of the Americas
> New York, NY 10024-6064
> Fax: (212) 492-0020

31. Any Vanda shareholder who does not make his, her, or its objection in substantially the manner provided for in the preceding paragraph of this Notice shall be deemed to have waived such objection and shall forever be foreclosed from: (i) making any objections to the fairness, adequacy, or reasonableness of the Settlement, or (ii) making any objections to the fairness and reasonableness of the Plaintiffs' Counsel's request for an award of attorneys' fees, or reimbursement of expenses.

## SCOPE OF THIS NOTICE AND FURTHER INFORMATION

32. The foregoing description of the lawsuit, the terms of the Settlement, the Fairness Hearing, and other matters described herein is only a summary. For the full details of the lawsuit and the terms and conditions of the Stipulation, Vanda's shareholders are referred to the text of the Stipulation, the Court's orders referred to herein, and to the pleadings and other papers filed and to be filed with the Court. These papers may be examined during regular business hours at the Office of the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza E, Brooklyn, NY 11201.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION
OR TELEPHONE THE COURT OR CLERK'S OFFICE
REGARDING THIS NOTICE**

Questions may be directed to Plaintiffs' Counsel:

      Joseph E. Levi
      Gregory Mark Nespole
      Daniel Tepper
      Levi & Korsinsky, LLP
      55 Broadway, 10th Floor
      New York, NY 10006
      Fax: (212) 363-7171

      W. Scott Holleman
      Lawrence P. Eagel
      Garam Choe
      Bragar Eagel & Squire, P.C.
      810 Seventh Avenue, Suite 620
      New York, NY 10019
      Fax: (212) 486-0462


Dated: _____July 20__, 2021

                                                  /S/ Frederic Block
                                              BY ORDER OF THE UNITED STATES
                                              DISTRICT COURT FOR THE EASTERN
                                              DISTRICT OF NEW YORK

## Exhibit A

**Corporate Governance Proposals**

I.  Management Disclosure Committee

    A.  Vanda Pharmaceuticals Inc. ("Vanda") shall create and adopt a charter governing a Disclosure Committee comprised of members of Vanda's management. This charter, which shall be distributed to Vanda's Board of Directors, shall:

        1.  Set forth the membership of the Disclosure Committee, which shall include Vanda's Chief Executive Officer, Chief Financial Officer, General Counsel, Senior Vice President of Business Development, and Chief Corporate Affairs and Communications Officer (or, in the event of changes in the structure or responsibilities of the management team, similarly senior executives with responsibilities for these areas) (collectively, "Disclosure Committee Members");

        2.  Require the Disclosure Committee to meet on a quarterly basis to discuss earnings releases and quarterly/annual SEC filings, with consideration of any disclosure related issues concerning the following subjects:

            (a)  any pending transactions due on Vanda's licensing agreements or other major contracts that could affect the terms and conditions of such agreements and contracts;

            (b)  any potentially fraudulent activities at Vanda;

            (c)  any material commitments and contingencies;

            (d)  any related-party transactions;

            (e)  any material issues relating to Vanda's accounting matters and financial statements; and

            (f)  any tips reported through Vanda's whistleblower hotline, Vanda's website (http://www.vandapharma.ethicspoint.com/ or other URL), or Vanda's Compliance Officer, Chairman of the Board, or Chair of the Audit Committee.

        3.  Require the Disclosure Committee Members to attend each quarterly meeting, with allowance for one-on-one meetings with the General Counsel for any member who is unable to participate in any given meeting;

        4.  Define what materials will be made available to the Disclosure Committee Members in advance of the committee's quarterly meetings; and

        5.    Require that the Disclosure Committee provide minutes of its quarterly meetings to the Audit Committee of Vanda's Board of Directors and make available to the Audit Committee any materials distributed in connection with the Disclosure Committee's quarterly meetings.

    B.    Disclosure Committee Members shall receive annual training in the following subjects, selected annually in the discretion of the General Counsel:

        1.    Generally Accepted Accounting Principles;

        2.    SEC financial reporting; and

        3.    Corporate governance and disclosure best practices.

II.    Annual Policy Review

    A.    On an annual basis, Vanda's General Counsel and Head of Compliance shall together undertake a comprehensive review of Vanda's policies (the "Annual Policy Review") to ensure that such policies are:

        1.    Consistent with current laws and regulations; and

        2.    Appropriate in scope with respect to Vanda's operations and risks.

    B.    The Annual Policy Review shall include a review of all of Vanda's policies, including but not limited to those on the following topics:

        1.    healthcare compliance;

        2.    compliance with Medicare/Medicaid regulations;

        3.    compliance with US and ex-US drug marketing rules, including restrictions on "off-label" and other marketing activities, including:

            (a)    unapproved uses;

            (b)    making appropriate safety claims; and

            (c)    making appropriate superiority or efficacy claims;

        4.    anti-bribery compliance;

        5.    clinical/regulatory matters;

        6.    human resources;

        7.    global data privacy;

        8.    good manufacturing practices;

9. corporate governance;

10. insider trading and securities trading;

11. conflicts of interest;

12. financial controls and reporting;

13. state law reporting;

14. prepared remarks or materials distributed in connection with Vanda's quarterly earnings releases;

15. whistleblower any other internal reporting; and

16. competition and fair dealing.

C. On an as-needed basis, the General Counsel may engage, and the General Counsel and Head of Compliance may rely upon, outside counsel to conduct or assist with the Annual Policy Review.

D. Any proposed changes to Vanda's policies resulting from the Annual Policy Review shall be presented to and discussed with Vanda's Compliance Committee prior to adoption by Vanda.

E. On an annual basis, the General Counsel shall report to the Board of Directors on the results of the Annual Policy Review, including any policy changes resulting from the Annual Policy Review.

F. Following the Annual Policy Review, Vanda will notify employees as necessary of any changes to Vanda's policies, will make revised policies accessible to employees, and, if necessary, retrain employees on policy changes.

G. In addition to the Annual Policy Review, Vanda's General Counsel and Head of Compliance shall also meet and discuss with the Compliance Committee on an as-needed basis if they discover any significant deficiencies in Vanda's existing policies. Any such resulting mid-year-proposed policy changes shall be disclosed to the Board of Directors at its next meeting.