

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VANDA PHARMACEUTICALS INC. DERIVATIVE LITIGATION | Case No. 1:19-cv-04293-FB-LB<br><br>Hon. Frederic Block |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y

★ SEPT. 30, 2021 ★

BROOKLYN OFFICE

## [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT AND DISMISSING ACTION

This matter came on for hearing on September 28, 2021 (the "Settlement Hearing"), upon the application of the parties for approval of the settlement in the Stipulation of Settlement dated July 19, 2021 (the "Stipulation"). Due and adequate notice of said Settlement Hearing having been given to the shareholders of Vanda Pharmaceuticals Inc. ("Vanda") in accordance with the Preliminary Approval Order previously entered in this matter, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Unless otherwise stated, all capitalized terms used in this Order shall have the same definitions as used in the Stipulation.

2. The Court has jurisdiction over the Action and all parties to the Stipulation.

3. The Court finds that the form and manner of the notice given to the shareholders of Vanda was given in accordance with the Preliminary Approval Order and that such notice was reasonable, constituted valid, due and sufficient notice to all Vanda shareholders, and complied fully with the requirements of Rule 23.1 of the Federal Rules of Civil

Procedure, due process, federal law, the Constitution of the United States, and any other applicable law.

4. The Court finds that the Stipulation and settlement contained therein are fair, just, reasonable and adequate in all respects as to each of the Settling Parties, including Vanda, the nominal defendant, and is in the best interests of Vanda and its shareholders. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of each of the parties. As a result, the Court hereby approves the settlement set forth in the Stipulation and directs the parties to carry out the Stipulation and settlement according to its terms.

5. The Action and all claims raised therein are hereby dismissed with prejudice and on the merits as to Vanda and the Individual Defendants. The Settling Parties shall bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date, the Released Parties are hereby released and forever discharged from each and every Settled Claim. Upon the Effective Date, the Releasing Parties hereby additionally waive, release, forever discharge, and dismiss all Settled Claims against Howard H. Pien, who has passed away since this lawsuit was filed.

7. The Releasing Parties, including, without limitation, all Vanda shareholders, are permanently and finally enjoined from commencing or prosecuting any actions or other proceedings asserting any of the Settled Claims against any of the Released Parties.

8. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement or the negotiation thereof, including this Order and Final Judgment: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any

liability, fault, negligence, wrongdoing, or omission by any of the Individual Defendants or other Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault, negligence, wrongdoing, or omission by any of the Individual Defendants or other Released Parties in any civil, criminal or administrative proceedings in any court, administrative agency or other tribunal; provided, however, that the Individual Defendants and other Released Parties may file the Stipulation and/or this Order and Final Judgment in any action that has been or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense.

9. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Stipulation; and (b) all parties to the Stipulation for the purpose of construing, enforcing, and administering the Stipulation.

10. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. In such event, the parties shall be restored to their respective positions as prior to the execution of the Stipulation.

11. Plaintiffs' Counsel are hereby awarded attorneys' fees and reimbursement of expenses in the sum of $500,000 (the "Fee and Expense Award"). The Fee and Expense

Award shall be paid to Levi & Korsinsky, LLP as receiving agent for Plaintiffs' Counsel, as provided in the Stipulation. Plaintiffs Samuel Williams and Michael Bavaro are hereby awarded service awards in the amount of $5,000 each, to be paid out of the Fee and Expense Award.

12. The Fee and Expense Award has been determined by the Court to be fair, reasonable, and appropriate. No other fees, costs, or expenses may be awarded to any of Plaintiffs' Counsel in connection with the Settlement.

13. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Order and Final Judgment forthwith.

/s/ USDJ Frederic Block
_____
HON. FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE

Dated: Sept. 28, 2021